———<del></del>———

EDW'D J. SUGG, Respondent, v. THE MEMPHIS AND ST. LOUIS PACKET COMPANY, Appellant.

*Evidence—Carrier.*—In a suit against a carrier for the non-delivery of a trunk shipped, testimony to show what were the contents of the trunk at the time it was packed, some weeks before its delivery to the carrier, is admissible, although the carrier can only be held responsible for the contents of the trunk at the time of its receipt.

*Appeal from St. Louis Circuit Court.*

The following instruction was given at the instance of the appellant:

"The jurors are instructed that the defendant, as a common carrier, is not presumed to know the contents or value of trunks shipped on its vessels, and that it is incumbent on the plaintiff to prove the contents and value thereof when it was delivered to defendant at Memphis at the time stated in the petition."

On the part of respondent the court gave the following instructions:

1. If the jury find for the plaintiff, they will assess the damages at the value of said trunk and its contents at the time it should have been delivered at St. Louis, to which they may add interest at the rate of six per cent. per annum.

2. If the jury find that the plaintiff shipped the trunk in question, as alleged, in the steamboat Belle Memphis, it is immaterial whether the contents of the trunk were the property of the plaintiff or not. It is no defence for the defendant to say that said goods belonged to some other person; nor is the moral character of the plaintiff, or any other person involved, any defence for defendant.

3. It is admitted by the pleadings in this case that the defendant is a corporation engaged as a common carrier in the business of carrying goods and chattels from Memphis to St. Louis by means of the steamboat Belle Memphis, and that said boat was the property of and in the employ of defendant as such carrier.

4. If the jury find from the evidence that the plaintiff, at Memphis, by his agents, J. B. Scudder & Co., caused the trunk in question to be shipped in the steamboat Belle Memphis, and that the said boat received the same and gave its bill of lading therefor, and failed or neglected to deliver said trunk at St. Louis, they will find for plaintiff.

The appellant, at the close of plaintiff's evidence, offered an instruction in the nature of a demurrer to the evidence,

that plaintiff could not recover except for the value of the trunk; which was overruled, and plaintiff excepted.

The following instruction asked by appellant was also overruled, and plaintiff excepted:

"The jurors are instructed to exclude from their consideration, in determining this case, all evidence (offered by the plaintiff, and admitted by the court, relating to the contents of the trunk) on the question when it was in St. Louis or Cairo prior to the time alleged in the petition to have been delivered to defendant at Memphis for transportation to St. Louis."

FAGG, Judge, delivered the opinion of the court.

The cause was tried in the St. Louis Circuit Court without the intervention of a jury, and a verdict and judgment were entered for the plaintiff, from which an appeal has been duly presented to this court.

It is only necessary to notice the declarations of law given and refused by the court for the purpose of arriving at the theory upon which the finding was made. The first instruction was asked by the defendant at the conclusion of the plaintiff's case, and was in the nature of a demurrer to the evidence. The plaintiff had attempted by the testimony to trace his property—consisting of a trunk and its contents—from the city of St. Louis to Cairo, Illinois, and thence to the city of Memphis, at which place it was alleged to have been re-shipped on one of defendant's boats, called "Belle Memphis," back to St. Louis again. The property was never delivered. The only proof of the contents of the trunk was the evidence of a witness who saw it packed at St. Louis some six or eight weeks before it came into the possession of defendant's agents on said boat. It is true that the liability of the defendant as a common carrier only attached at the time of the delivery of the trunk at Memphis. It could only be held responsible for the articles then contained in it. The proof should have tended to show what it contained at that time. But there is no particular formula of proof in such

cases. It would be competent for the plaintiff to commence at any given period before the precise time at which the shipment was made and prove the contents of his trunk, and then by regular and competent proof show that it remained in the same condition and without change until the defendant took charge of it. Such a case might be made out just as satisfactorily in this way as in any other. Of course, the length of time intervening between the period at which the articles were placed in the trunk and the time of shipment on defendant's boat, together with all the facts and circumstances tending to show opportunities for abstracting them, might go very far towards weakening the force of such testimony. Still, if the trial had been by jury instead of the court, it would not have been proper to withdraw the case from them upon the proofs as then made.

The second instruction asked on the part of the defence stated the law correctly. From what has already been said, there was no inconsistency between this instruction and the finding of the court. It asserted that the defendant was only liable for the value of the articles in the trunk at the time of shipment. There was evidence tending to identify this as the same trunk that had been first packed in St. Louis and thence shipped to Cairo and Memphis. It is not the province of this court to weigh the evidence in the case. But however weak it may be considered, still there were facts proved from which its identity might be inferred, and from which its condition might be presumed to have remained unchanged.

Such cases always present some peculiarities. Even at common law the rigid rules of evidence were so far relaxed as to admit parties, *ex necessitate rei*, to testify as to the contents of their own trunks and boxes. This, of course, was never extended beyond what is recognized as baggage usually accompanying travellers, or such articles of personal apparel or property as might be exclusively within the knowledge and custody of the person putting them up for shipment, and out of the ordinary course of trade. All the

authorities tend to establish the doctrine that in the trial of cases of this character there should be a great relaxation of the rules of law as to the proofs, and a wider range of inference permitted than in ordinary cases.

The court committed no error in refusing to make the declaration contained in the third instruction. What is said in reference to the third instruction will also apply with equal force to this.

It is shown that the court found the value of the several articles sued for to be the sum of seven hundred and four dollars, with interest thereon amounting to one hundred and six dollars. The whole amount for which judgment should have been entered so as to correspond with this finding, was therefore the sum of eight hundred and ten dollars. By mistake, or otherwise, judgment was entered up for nine hundred dollars. This error in amount will therefore be corrected by entering a judgment here for eight hundred and ten dollars.

The judgment of the court below, thus corrected, will be affirmed. The other judges concur.